UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-24143-CIV-MORENO

PHILIP J. BAILEY and DIANNE L. BAILEY,

    Plaintiffs,

vs.

BALLISTIC RECOVERY SYSTEMS, INC.
d/b/a BRS Aerospace,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiffs' Motion to Remand **(D.E. 12)**, filed on **October 31, 2019**. THE COURT has considered the motion, the response in opposition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to remand is **DENIED**. By way of background, Plaintiffs Philip and Dianne Bailey originally filed their personal injury and product liability lawsuit in state court, in the Eleventh Judicial Circuit Court in and for Miami-Dade County, on September 6, 2019. They alleged that Defendant Ballistic Recovery Systems, Inc., a company that manufactures and designs emergency parachute systems for general aviation aircraft, negligently designed the parachute system Plaintiffs attempted to deploy when, on a flight, "the [plane] engine suddenly stopped without warning." As a result of the parachute system allegedly failing to deploy, Plaintiffs write that they "crashed hard onto an uneven field" and were severely injured.

On October 8, 2019, Defendant timely removed the action by filing a Notice of Removal, asserting that as the amount in controversy exceeded $75,000, and the parties were citizens of different states, this Court had the requisite diversity jurisdiction to entertain the present action

under 28 U.S.C. § 1332.[1] First, Defendant alleged the amount in controversy exceeded $75,000 because Plaintiffs had sent it a demand letter claiming past medical bills in excess of $458,283.89 for Philip Bailey, and past medical bills in excess of $142,065.11 for Dianne Bailey. Plaintiffs attached the demand letter to its Notice. Second, Defendant claimed there was complete diversity because Plaintiffs were citizens of Florida, since they resided there, while Defendant a citizen of Minnesota, since that is where it was incorporated and had its principal place of business. Defendant attached an affidavit by its current president to support its citizenship claims.

Plaintiffs now contend in their motion to remand that Defendant "fraudulently removed" the case. They do not dispute the amount in controversy nor that Defendant is incorporated in Minnesota. They do, however, disagree with Defendant's assertion that there is complete diversity of citizenship. They argue that Defendant's principal place of business is Florida, not Minnesota, since Defendant lists in its 2014 and 2019 corporate filings with the Office of the Minnesota Secretary of State that the company's "Principal Executive Office Address" is on Brickell Avenue in Miami, Florida. As further support, they point out that "[t]he majority of BRS' officers, including its president, work at its Brickell Avenue, Miami office," and that Defendant advertises on its website to the general public that its "Corporate" office is located on Brickell Avenue.

To determine a corporation's principal place of business, courts apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). According to *Hertz*, a corporation's principal place of business is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* "[I]n practice it should normally be the

---

[1] Section 1332 provides that a defendant may remove an action to federal court if the matter in controversy is greater than $75,000 and if the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). Relevant to this case, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93. The Eleventh Circuit has recognized that the *Hertz* nerve center test controls the determination of a corporation's principal place of business. *See Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 757-58 (11th Cir. 2015).

Applying *Hertz*, the Court finds that Defendant's nerve center is in Minnesota, where its main headquarters is located. Defendant submits a sworn affidavit by Enrique Dillon, the president of Defendant, who establishes that Defendant's principal place of business is Minnesota because that is where: (1) all strategic and executive-level decisions are made, (2) executive board meetings are usually held, (3) Defendant's sales, engineering, customer service, and purchasing departments are all located and controlled, and (4) about fifty employees work (while two officers work in Florida, Dillon explains, they make decisions in conjunction with the Minnesota headquarters).

Besides the affidavit, Defendant points to (5) multiple annual reports (ranging from 2011-2019) filed with the Florida Division of Corporations that list Defendant's "Current Principal Place of Business" as Minnesota, and (6) 2014 and 2019 annual filings with the Office of Minnesota Secretary of State that detail the company's "Home Jurisdiction" as Minnesota. While any one of these above factors may be insufficient to prove the location of Defendant's nerve center, the Court is satisfied that, collectively, they conclusively establish it is in Minnesota. *See Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 19-CV-21289, 2019 WL 4854271, at *2 (S.D. Fla. Oct. 2, 2019) (applying the nerve center test and holding, based on a whole host of similar facts established by affidavit, that the defendant's principal place of business was Virginia).

Plaintiffs' evidence to the contrary is unpersuasive. They primarily rely on the Minnesota corporate filings which list Defendant's "Principal Executive Office Address" as Florida.

Minnesota statute, however, defines a "Principal executive office" as merely an "office where the elected or appointed chief executive officer of a corporation has an office." MINN. STAT. § 302A.011, subd. 23 (2019). Thus, it does not mean that that is where the corporation's principal place of business exists. Further, the Supreme Court in *Hertz* has already rejected the notion that information contained in corporate filings satisfies the nerve center test, writing: "We reject suggestions such as, for example . . . that the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's nerve center." *Hertz*, 559 U.S. at 97. *See also Wylie*, 627 F. App'x at 758 (similarly holding that a corporate filing with the Georgia Secretary of State, listing the defendant's "Principal Office Address" as California, was insufficient to establish citizenship under the nerve center test).

Accordingly, based on the above, Defendant has sufficiently proved that there is complete diversity of citizenship, and thus, that this Court has jurisdiction over the case.[2] Therefore, it is

**ADJUDGED** that Plaintiffs' Motion to Remand is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of January 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] By way of denying the motion to remand, the Court finds that Plaintiffs have no grounds to seek sanctions under Federal Rule of Civil Procedure 11, nor to request attorney's fees and costs under 28 U.S.C. § 1447(c) (providing for the possibility of an award of fees and costs upon entry of an order of remand).